IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

|  |  |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  CAUSE NO: 3:17cv220WHB-JCG<br>) |
| CITY OF JACKSON, MISSISSIPPI | )<br>) |
| Defendant. | ) |

## COMPLAINT FOR SPECIFIC PERFORMANCE, INJUNCTIVE RELIEF, COLLATERAL SECURITY, BREACH OF CONTRACT, AND DECLARATORY JUDGMENT

Plaintiff, Travelers Casualty and Surety Company of America, files its Complaint for specific performance, injunctive relief, collateral security, breach of contract, and declaratory judgment against the Defendant, City of Jackson, Mississippi, and alleges upon information and belief as follows:

### PARTIES

1.  Travelers Casualty and Surety Company of America ("Travelers") is a Connecticut corporation maintaining its principal place of business at One Tower Square, Hartford, Connecticut 06183, and is authorized to do business in the State of Mississippi.

2.  City of Jackson, Mississippi ("the City") is a municipality located in the state of Mississippi.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## NATURE OF THE CASE

5. This dispute involves Travelers' unconditional rights and the City's specific obligations, upon demand, to procure the full and complete discharge of Travelers or its related companies under its surety bond and/or provide collateral in the full and total amount of all undischarged or potential liability and loss of Travelers in connection with said bond under the plain and explicit terms of an indemnity agreement that the City furnished in favor of Travelers.

6. The City, as principal, and Travelers or its related companies, as surety, issued Surety Bond No. 101023258 along with subsequently-issued riders to Surety Bond No. 101023258 (collectively the "Bond") in favor of certain obligees in the aggregate penal amount of $1,285,000. A copy of the Bond is attached hereto as *Exhibit "A."*

7. In consideration for furnishing the Bond, the City executed a General Contract of Indemnity ("GCI") on or about May 15, 2007. A true and correct copy of the GCI is attached hereto as *Exhibit "B."*

8. Under the GCI, the City agreed, among other things, that:

> 5.(a) Indemnitors shall, within thirty (30) days of receipt of Company's written demand ("Discharge Demand"), procure the full and complete discharge of the Company from any and all Bond(s) by providing competent written evidence of discharge satisfactory to Company, in its sole discretion. If Indemnitors fail to provide the aforementioned discharge[,] Indemnitors shall, within an additional seven (7) days, provide Company with an irrevocable letter of credit in form, content and by a bank acceptable to the Company. The letter of credit shall be in an amount equal to the total of

        all undischarged liability under said Bond(s), which liability shall be determined at the time of the Company's Discharge Demand. Collateral or letters of credit previously provided to Company may be utilized to establish compliance with this provision. If the undischarged liability subsequently increases, then it is the Indemnitors' responsibility to ensure continued compliance with this provision at all times.

    (b)    Indemnitors waive, to the fullest extent permitted by law, each and every right they may have to contest this requirement. Indemnitors stipulate and agree that Company will not have an adequate remedy at law should Indemnitors fail to post said letter of credit and further agree as a result that Company is entitled to specific performance of this provision . . .

                      . . .

    8.    If Company has or obtains collateral or letters of credit, Company shall not have any obligation to release collateral or letters of credit or turn over the proceeds thereof until it shall have received a written release in form and substance satisfactory to Company with respect to each and every Bond. Any collateral or letters of credit provided to Company by any Indemnitor or any third party, or the proceeds thereof, may be applied to any Loss.

Exhibit A ¶¶5(a), 5(b), and 8.

    9.    Despite written demand from Travelers on August 29, 2016, the City failed to procure the full and complete discharge of Travelers's under the Bond in the aggregate penal amount of $1,285,000. A true and correct copy of the discharge demand is attached hereto as **Exhibit "C."**

    10.    Also contrary to the written demand, the City refused to provide an irrevocable letter of credit in favor of Travelers in the full amount of undischarged liability and/or all loss of Travelers under the Bond. Therefore, the City has disregarded and failed to comply with or perform its specific obligations and agreements contained in the GCI.

    11.    Travelers seeks and is entitled to injunctive relief and specific performance of the obligations of the City under the GCI.

    12.    Travelers requests that this Court issue an Order compelling the City to furnish an irrevocable letter of credit in favor of Travelers in the sum of $1,285,000 plus additional funds

necessary to secure the loss, costs, expenses, court costs, and attorneys' fees expended and/or will be expended as necessary to enforce the GCI. Such relief is specifically mandated by the GCI to ensure that Travelers will be able to secure enforcement of its unconditional rights provided by the GCI.

## COUNT ONE
### (Specific Performance and Injunction)

13. Travelers repeats and reasserts each and every allegation set forth above with the same force and effect as if each such allegation was fully set forth here again at length.

14. Despite the explicit and unambiguous language of the GCI and the written demand letter from Travelers, the City has refused to perform or honor its specific obligations to procure the full and complete discharge of Travelers under the Bond and/or provide Travelers with an irrevocable letter of credit in the full and total amount of all undischarged or potential liability of Travelers in connection with the Bond, including all losses, costs and expenses Travelers incurred or will incur in connection with the Bonds and/or to secure the enforcement of the specific obligations of the City under the GCI.

15. On August 29, 2016, Travelers sent a written demand to the City, wherein Travelers specifically and unequivocally sought compliance with and performance of paragraph 5 of the GCI and to secure enforcement of its unconditional rights.

16. Despite this demand, the City refused to perform its specific obligations under the GCI, as well as continues to fail to honor or perform such specific obligations in the face of Travelers's attempt to secure compliance or performance by the City of its explicit and unambiguous obligations under the GCI.

17. The explicit and unambiguous language of the GCI affords Travelers with unconditional rights and imposes specific obligations on the City, simply upon demand, to

4

procure the full and complete discharge of Travelers under the Bond and/or to provide an irrevocable letter of credit in the full and total amount of all undischarged or potential liability and loss of Travelers in connection with the Bond.

18. The City has refused to perform its specific obligations to procure the discharge of Travelers under the Bond and/or to post collateral to secure all undischarged liability and loss of Travelers in connection with the Bonds.

19. As demonstrated above and as the City specifically stipulated and agreed in paragraph 5(b) of the GCI, Travelers has no adequate remedy at law.

20. For these reasons, Travelers is entitled to specific performance by the City of the provisions of the GCI relating to their specific obligations to procure complete discharge of Travelers under the Bond and /or to post collateral in the form of an irrevocable letter of credit favor of Travelers in the sum of $1,285,000 to secure all undischarged liability and loss of Travelers in connection with the Bond and/or in the enforcement of the GCI.

21. Travelers will be subjected to immediate and irreparable harm, in that the City may be unable to perform or meet its specific obligations under the GCI and/or Travelers will be unable to secure enforcement of its unconditional rights thereunder.

22. It is plain that, in evaluating the balance of equities, they favor unconditional rights of Travelers under the GCI and the entitlement of Travelers to enforce such unconditional rights and to require the City to specifically perform its clear obligations thereunder.

23. Based on the failure of the City to perform its contractual obligations, Travelers is entitled to injunctive relief from this Court compelling the City  a) to perform its specific obligations which the City is specifically obligated to perform under the GCI, b) to procure the complete discharge of Travelers under the Bond, and/or c) to provide collateral in the form of an

irrevocable letter of credit in favor of Travelers in the sum of $1,285,000 to secure the face amount of the undischarged liability of Travelers under the Bond.

## COUNT TWO
### (Collateral Security)

24. Travelers repeats and reasserts each and every allegation set forth above with the same force and effect as if each such allegation was fully set forth here again at length.

25. the City specifically agreed to procure the full and complete discharge of Travelers under the Bond, and if it did not do that within the specified time period, to provide an irrevocable letter of credit or collateral in an amount of money sufficient to satisfy "all" undischarged or potential liability in connection with the Bonds.

26. The City has refused to honor or perform its specific obligations under the GCI to provide collateral sufficient to protect Travelers, despite written demand letters from Travelers in its attempt to secure compliance or performance by the City.

27. Accordingly, the City has breached its specific obligations under the GCI.

28. By reason of the foregoing, the City is liable to Travelers under the specific provisions of the GCI, and therefore, the City should be required to post collateral security in the form of an irrevocable letter of credit in favor of Travelers in the sum of $1,285,000 to secure the face amount of Travelers's undischarged liability under the Bond.

## COUNT THREE
### (Declaratory Judgment)

29. Travelers repeats and reasserts each and every allegation set forth above with the same force and effect as if each such allegation was fully set forth here again at length.

30. As set forth above, the City has refused to perform or honor its specific obligations under the GCI to procure the complete discharge of Travelers under the Bond and/or

to post collateral to secure all undischarged liability and loss of Travelers in connection with the Bond, despite Travelers' written demand letter.

31. The City has failed to comply with and continues to disregard its specific obligations under the GCI, despite the Discharge Demand letter issued by Travelers in its attempt to secure compliance or performance by the City.

32. There are actual and justiciable controversies between Travelers and the City. A declaratory judgment issued by this Court will resolve outstanding issues between Travelers and the City, which will allow Travelers to enforce its unconditional rights and hold the City to its specific obligations under the GCI.

33. By reason of the foregoing, Travelers is entitled to a declaratory judgment from this Court proclaiming under the GCI 1) that Travelers has unconditional rights; 2) that the City has specific obligations, upon demand; and 3) that the City must procure the full and complete discharge of Travelers under the Bond and/or post collateral in the form of an irrevocable letter of credit in the sum of $1,285,000.00 to secure all undischarged liability and loss of Travelers in connection with the Bond and/or in the enforcement of the GCI as the City has refused to perform its specific obligations thereunder despite the written demand of Travelers.

## COUNT FOUR
### (Breach of Contract)

34. Travelers repeats and reasserts each and every allegation set forth above with the same force and effect as if each such allegation was fully set forth here again at length.

35. As set forth above, the City has refused to perform or honor its specific obligations under the GCI to procure the complete discharge of Travelers under the Bond and/or to post collateral to secure all undischarged liability and loss of Travelers in connection with the Bond, despite Travelers's written demand letter.

7

36. Thus, the City has breached the GCI and Travelers is entitled to an award for breach of contract.

## COUNT FIVE

### (Recovery of Attorneys' Fees and Interest)

37. Travelers repeats and reasserts each and every allegation set forth above with the same force and effect as if each such allegation was fully set forth here again at length.

38. In executing the GCI, the City agreed in Paragraph 2:

> To indemnify and exonerate Company from and against any and all loss, cost and expenses of whatever kind which it may incur or sustain as a result of or in connection with the furnishing of the Bond(s), the assumptions of obligations by Company of Bond(s), and/or the enforcement of this Agreement, including unpaid premiums, interest, court costs and counsel fees, and any expense incurred or sustained by reason of making any investigation, hereinafter referred to as "Loss."

39. Due to the City's failure to honor its obligations under the GCI, Travelers has incurred and will continue to incur attorneys' and expenses, for which the City is liable. Accordingly, Travelers is entitled to a judgment for the amount of attorneys' fees and expenses incurred due to the City's breach of the CGI.

## PRAYER FOR RELIEF

**WHEREFORE,** Travelers Casualty and Surety Company of America respectfully requests that the City of Jackson, Mississippi be cited to appear and answer herein, and that Travelers receive:

1. On count one against the City, an order compelling the City to perform its specific obligations to procure the full and complete discharge of Travelers under the Bond;

2. On count two against the City, an order compelling the City to post additional collateral in the form of an irrevocable letter of credit in favor of Travelers in the sum of $1,285,000;

3. On count three against the City, an order declaring that the City is obligated under the GCI to procure the full and complete discharge of Travelers under the Bond and/or post additional collateral in the form of an irrevocable letter of credit in the sum of $1,285,000 to secure all undischarged liability and loss of Travelers in connection with the Bond and/or in the enforcement of the GCI;

4. On count four against the City, a judgment against the City in the amount of damages incurred by Travelers caused by the City's breach of contract;

5. On count five against the City, a judgment against the City in the amount of attorneys' fees and expenses incurred by Travelers;

6. Costs of this suit; and

7. Such other further relief as this Court may deem just, proper and equitable.

Respectfully submitted this 30th day of March 2017,

KREBS | FARLEY, PLLC

ALEC M. TAYLOR  (MSB #102874)
CRAIG MANGUM (MSB #105170)
188 E. Capitol Street, Suite 900
Jackson, Mississippi  39201
601-968-6710
E-mail: ataylor@kfplaw.com
          cmangum@kfplaw.com

**ATTORNEYS FOR TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**